UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　Plaintiff, )<br>vs. )<br>JAMES I. "ASSI" JARIV, and NATHAN "NATI" )<br>STOLIAR, aka NATAN STOLIAR, )<br>　　　　　　Defendants. )<br>_____ ) | Case No. 2:14-cr-00006-APG-GWF<br><br>**ORDER** |

　　　　This matter is before the Court on Defendant James I. "Assi" Jariv's Motion for Reconsideration of Detention Order (#25), filed on January 22, 2014.  After Defendant clarified that his motion requests the undersigned Magistrate Judge to reconsider his detention order, and is not an appeal to the District Judge from the detention order, *see Docket No. 28*, the Government filed its Opposition to Defendant's Motion for Reconsideration (#40) on February 5, 2014.  Defendant filed his Reply (#41) on February 7, 2014.

**BACKGROUND AND DISCUSSION**

　　　　Following a detention hearing on January 15, 2014, the undersigned magistrate judge ordered that Defendant Jariv be detained pending trial as a substantial risk of non-appearance. *See Minutes of Proceedings (#21)* and *Detention Order Pending Trial (#32)*.  Defendant's Motion for Reconsideration of Detention Order (#25) discusses the same evidence and recites the same arguments that was presented orally during the detention hearing on January 15th.  As the Government states in its opposition, reconsideration of an order or judgment is generally appropriate in four limited circumstances: (1) when the court is presented with newly discovered evidence; (2) when the court has committed clear error or the initial decision was manifestly unjust;

(3) if there is an intervening change in the controlling law; or (4) where there are other, highly unusual circumstances warranting reconsideration. *Opposition (#40), pg. 2*, citing *School Dist. No. 1J Multnomah Cty. Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are granted sparingly. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). *See also United States v. Neuman*, 2013 WL 2250367, *6 (D.Or. 2013) (applying reconsideration standard in a criminal case).

The only reconsideration factor arguably applicable here, is that the court committed clear error in detaining Mr. Jariv or that the detention order is manifestly unjust. The Court recognizes that reasonable arguments can be made in support of Defendant Jariv's pre-trial release. Defendant's counsel made those arguments during the detention hearing and make them again in the motion for reconsideration. The Court concluded, however, that the Defendant should be detained as risk of flight, based on his substantial foreign ties which includes dual citizenship in Israel (Defendant is also a U.S. citizen); his recent transfer of significant funds to Canada where he also has significant business interests or connections; information that he may also have funds available to him in foreign accounts should he choose to flee; Defendant's alleged statements to others regarding possible flight to avoid prosecution; the potential sentence that Defendant faces if convicted on the charges in the indictment in this case, as well as in the indictment against him in Southern District of Texas; and the allegation that Defendant continued to engage in criminal conduct while on pretrial release in the Southern District of Texas.

In *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985), the court stated that the factor of alienage may be taken into account, but does not point conclusively to a determination that the defendant poses a serious risk of flight. As indicated above, the decision to detain Defendant is not based simply on the fact that he is also a citizen of another country, Israel, or has foreign ties. In *United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990), the court upheld detention orders against three foreign national defendants based on the risk of nonappearance. The defendants were charged with crimes relating to the unlawful attempt to export computers to the Soviet Union. The court found that the defendants had the motive to flee based on the lengthy sentences they faced if convicted. In regard to the weight of the evidence, the court found that "the government's evidence

was enough to put the defendants on notice that a combination of seized documents, recorded telephone conversations with their alleged co-conspirators, and the admissions of [a co-conspirator] made them subject to a trial in which they could reasonably believe they might be convicted." *Id.* at 995. *Townsend* also stated that "[w]hen assessing an alien defendant's ties to the United States, factors to be considered include how long the defendant has resided in this country, whether defendant has been employed in the United States, whether defendant owns any property in this country, and whether defendant has any relatives who are United States residents or citizens." *Id.* The court found that the defendants' lack of significant ties to the United States also weighed in favor of a finding that they would flee to foreign countries, rather than face prosecution in the United States. In *United States v. Giordano*, 370 F.Supp.2d 1256, 1264 (S.D.Fla. 2005), the court indicated that access to significant funds, together with evidence of strong foreign family or business ties, may justify detention based on a substantial risk of nonappearance even in the face of an offer of substantial bond.

Defendant Jariv has significant ties in the United States based on his long-standing citizenship, and family members who are U.S. citizens and reside in the United States. He also has business and financial interests in the United States. Those business and financial interests are, however, somewhat tenuous at this point, given that the indictments charge Defendant with engaging in fraudulent conduct in his business activities, and have resulted in the initial seizure of significant assets. The Court, therefore, concluded that Defendant's family and business ties in Nevada and in the United States are not a sufficient restraint on Defendant's motive to flee, particularly in view of the information that he has the financial means to accomplish such flight and to remain outside the United States. For these reasons, the Court also concluded that there are no conditions of pre-trial release that could reasonably deter or prevent Defendant from fleeing the United States if he chooses to do so.

## **CONCLUSION**

The Court's previous detention order is neither clearly erroneous nor manifestly unjust. Defendant therefore has not presented sufficient grounds to justify this Court in reconsidering or reversing its detention order. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of Detention Order (#25) is **denied**.

DATED this 14th day of February, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge